NEIL HALTTUNEN, OSB#206806
484 NE Bovard Ave.
Dallas Or 97338
503-623-6676
halt@jbhwlaw.com

Andrew Bridge, OSB#194937
484 NE Bovard Ave.
Dallas Or 97338
503-623-6676
bridge@jbhwlaw.com

Attorneys for Plaintiffs,

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| IVAN OCEGUEDA, as the personal representative of the Estate of Isaac Ocegueda; and YULENI ZAVALA, an individual, | Case No. |
| Plaintiffs, | COMPLAINT |
| | 42 USC 1983, 28 USC 1367 |
| v. | |
| COUNTY OF POLK, a municipality, SHERIFF MARK GARTON, an individual and in his official capacity, and DEPUTY MICHAEL SMITH, an individual and in his official capacity, | JURY TRIAL DEMANDED |
| Defendants. | |

**NATURE AND PURPOSE OF THE ACTION**

1.

This is a civil action for damages and attorney fees. Plaintiffs bring this action under 42 USC 1983 and 28 USC 1367 to vindicate their constitutional rights to be free from excessive force that were violated by the actions of a member of the Polk County Sheriff's Office (hereinafter "Defendant Polk County") when Isaac Ocegueda (hereinafter "Mr. Ocegueda") was shot fatally, in the back, while unarmed and posing no threat to any person. Plaintiff Yuleni Zavala (hereinafter "Plaintiff Zavala") was shot in her leg while she sat unarmed in a van and witnessed the violent shooting death of Mr. Ocegueda.

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

1

2

**JURISDICTION**

2.

This Court has original jurisdiction over the Defendant Polk County, Sheriff Mark Garton (hereinafter "Defendant Garton"), and Deputy Michael Smith (hereinafter "Defendant Smith") because this action is a federal question under 28 USC 1331 and 1343 because plaintiffs are bringing claims pursuant to 42 USC 1983 for deprivation of their civil rights. This Court has supplemental jurisdiction through 28 USC 1367.

**VENUE**

3.

Venue in this Court is appropriate, pursuant to 28 USC 1391(b), because the events or omissions that give rise to these claims occurred in West Salem, Polk County, State of Oregon which is within this judicial district. LR 3-2.

**STATE ACTION**

4.

At all times material to this Complaint, Defendant Polk County, Defendant Garton and Defendant Smith acted under the color of state law when they subjected Plaintiffs to the wrongs plead below.

**TIMELINESS**

5.

This complaint is filed within two (2) years from the date of injury. ORS 12.110. The notice requirement under ORS 30.275 is satisfied because a Notice of Tort Claim was mailed to all Defendants within the applicable time periods. This Complaint is timely because it is being filed within the time periods prescribed by ORS 30.275.

/////

/////

/////

Page 2 – COMPLAINT

6.

## PARTIES

1. Plaintiff Zavala is a citizen of the United States and resides in Oregon.

2. Plaintiff Ivan Ocegueda is the duly appointed personal representative of the Estate of Isaac Ocegueda.

3. Isaac Ocegueda was a citizen of the United States and resided in Oregon at the time of the deprivation of his constitutional rights.

4. Defendant Polk County is a municipality in the County of Polk, State of Oregon.

5. Defendant Smith is citizen of the United States and resides in Oregon.  Defendant Smith is an employee of Defendant Polk County and performs duties as a sheriff's deputy in his official capacity.

6. Defendant Garton is a citizen of the United States and resides in Oregon. Defendant Garton is the duly elected Sheriff of Polk County, Oregon and performs his duties as sheriff in his official capacity. At all times relevant to this complaint, Defendant Garton had authority to set policies, customs, and/or practices on behalf of Defendant Polk County. At all times relevant to this complaint, Defendant Garton had supervisory authority over Defendant Smith.

## FACTS

7.

The relevant facts that give rise to this complaint occurred on or about September 30, 2023, at State Highway 22 near Milepost 23 in West Salem, Polk County, Oregon (hereinafter "the Scene").

8.

At the Scene, Hwy 22 is a State Highway that runs generally east to west with five (5) lanes of travel and adjacent shoulder areas on both sides.

/////

Page 3 – COMPLAINT

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

9.

On or about September 30, 2023, a City of Independence Police Officer initiated a car chase involving a black BMW sedan (hereinafter "the BMW"). That car chase travelled north bound on State Highway 51 toward West Salem, Oregon. According to police, the driver of the BMW was later identified as Jose Corall-Zavala (hereinafter "Mr. Corall").

10.

Near the vicinity of Hwy 51 and Hwy 22, police successfully damaged the tires of the BMW through the use of spike strips, though police later lost sight of the BMW. The BMW continued east on Hwy 22 from Hwy 51 in the direction of Salem, Oregon.

11.

As police began to converge on the Scene, Defendant Smith joined in the search for the BMW.

12.

As Defendant Smith approached the area of MP 23 on Hwy 22, he could smell a burning rubber odor that caused him to believe the BMW was in the area. Defendant Smith's belief was based on his experience of smelling a similar odor when in the presence of vehicles that had been "spike stripped" in the past.

13.

Defendant Smith began searching the Scene on foot for Mr. Corall. While searching the Scene on foot, Defendant Smith located the BMW abandoned, on a side road.

14.

A perimeter was set up along Hwy 22 as police began searching for Mr. Corrall. While setting up the perimeter in the search for Mr. Corrall, Defendant Smith observed a silver Honda Odyssey minivan (hereinafter "the Honda") driving around the Scene.

15.

Defendant Smith heard the Honda honk its horn as it traveled through the Scene

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

1  which alerted Defendant Smith the Honda was not occupied by the driver of the BMW, Mr.

2  Corall.

3                                            16.

4      Defendant Smith was standing along Hwy 22, at the Scene, and began illuminating

5  a brushy hillside area to the north with his flashlight.

6                                            17.

7      Defendant Smith reported he was able to see Mr. Corall amongst the brush on the

8  hillside at the Scene and began challenging Mr. Corall and ordering his surrender.

9                                            18.

10     Mr. Corall emerged from the brushy hillside and walked out onto, or near, Hwy 22.

11                                           19.

12     By this time, the Honda had come to a stop on the south side shoulder of Hwy 22

13  facing eastbound toward Salem, Oregon.

14                                           20.

15     Defendant Smith reported that shortly after Mr. Corall emerged from the brush, Mr.

16  Corall began shooting a firearm at Defendant Smith who returned gunfire. During the

17  exchange of gunfire, Defendant Smith sustained a grazing wound to his ankle area.

18                                           21.

19     Mr. Corall ceased shooting as he ran south across Hwy 22 and entered the

20  passenger side of the Honda.

21                                           22.

22     Several seconds after the gunfire had stopped, and after Defendant Smith perceived

23  the gunfire had stopped, Defendant Smith began advancing on the Honda on foot.

24                                           23.

25     Without warning, Defendant Smith opened fire with his firearm in the direction of

26  where Defendant Smith guessed Mr. Corall may be located.

Page 5 – COMPLAINT

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

24.

Defendant Smith used an aggressive covering fire tactic commonly taught in the military and designed to cause your "enemy" to take cover, while the shooter maneuvers towards the "enemy" aggressively.

25.

Defendant Smith opened fire on the Honda despite knowing the Honda was occupied by at least one individual other than Mr. Corall and at a time Defendant Smith could not see Mr. Corrall.

26.

At the time Defendant Smith opened fire on the Honda, Mr. Corrall had ceased firing and was attempting to remove himself from the Scene.

27.

The Honda had two occupants who were friends of Mr. Corall: Mr. Ocegueda and Plaintiff Zavala.

28.

Mr. Ocegueda was seated in the driver's seat of the Honda and Plaintiff Zavala was seated in the second-row passenger seat on the driver's side of the Honda.

29.

At the time of this incident, Mr. Ocegueda was eighteen (18) years old, and Plaintiff Zavala was seventeen (17) years old.

30.

Neither Mr. Ocegueda nor Plaintiff Zavala posed an imminent threat of death or serious physical injury to Defendant Smith or to a third person when Defendant Smith shot them.

31.

Defendant Smith fired approximately three (3) rounds from his firearm in the direction

Page 6 – COMPLAINT

1  of the Honda and striking two occupants of the Honda.

2                                          32.

3        One round fired from Defendant Smith struck Mr. Ocegueda in his back near the

4  upper left side.

5                                          33.

6        Another round fired from Defendant Smith struck Plaintiff Zavala in her left leg.

7                                          34.

8        Mr. Ocegueda told Plaintiff Zavala that he had been shot as he sped away in the

9  Honda to get away from the gunfire coming from Defendant Smith.

10                                         35.

11       Plaintiff Zavala experienced serious physical pain from being shot in the leg.

12                                         36.

13       Plainitff Zavala witnessed her friend, Mr. Ocegueda, being shot by Defendant Smith

14  while knowing Mr. Ocegueda did not pose a threat to anyone.

15                                         37.

16       Plaintiff Zavala heard Mr. Ocegueda exclaim he had been shot and she knew Mr.

17  Ocegueda was in pain.

18                                         38.

19       Plaintiff Zavala witnessed Mr. Ocegueda's fear of his approaching death and his

20  suffering.

21                                         39.

22       Mr. Ocegueda died from the gunshots inflicted by Defendant Smith.

23                                         40.

24       While only inches away from Mr. Ocegueda, Plaintiff Zavala witnessed Mr.

25  Ocegueda begin to lose consciousness after being shot by Defendant Smith in the back.

26  Due to his lack of consciousness, Mr. Ocegueda crashed the Honda into a building off of

Page 7 – COMPLAINT

1  Hwy 22.

2                                    41.

3        Plaintiff Zavala reasonably feared for her own life and questioned aloud if her

4  wounds were also fatal. There was no one qualified at the scene to assure Plaintiff Zavala

5  that she too would not die.

6                                    42.

7        Defendant Smith has been the subject of an internal investigation by the Defendant

8  Polk County which concluded that Defendant Smith responds emotionally to confrontation,

9  rather than implementing cognitive thinking and Defendant Smith errs in judgment by not

10  slowing things down once situations have escalated.

11                                   43.

12       At all times material to this Complaint, Defendant Polk County and Defendant Garton

13  were aware of the conclusion of the internal investigation in paragraph 42.

14                                   44.

15       Defendant Smith was trained in military style assault tactics while serving in the

16  Oregon Army National Guard.

17                                   45.

18       Defendant Smith was deployed into a combat zone in 2005 (hereinafter "2005

19  deployment").

20                                   46.

21       At all times material to this Complaint, Polk County was aware of Defendant Smith's

22  2005 deployment.

23                                   47.

24       At all times material to this Complaint, Defendant Garton was aware of Defendant

25  Smith's 2005 deployment.

26  /////

Page 8 – COMPLAINT

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

48.

At all times material to this Complaint, Defendant Smith acted in the course of his employment for Defendant Polk County.

**CLAIMS AGAINST DEFENDANT POLK COUNTY ON BEHALF OF THE ESTATE OF ISAAC OCEGUEDA**

**FIRST CLAIM FOR RELIEF**

(Against the Defendant Polk County on behalf of Plaintiff, Ivan Ocegueda, as Personal Representative of Estate of Isaac Ocegueda)

(Local Government Claim- 42 USC 1983)

(Excessive Force)

49.

Plaintiff, Ivan Ocegueda, as Personal Representative of the Estate of Isaac Ocegueda, realleges and incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

50.

Defendant Polk County failed to properly train their officers, including Defendant Smith, in deadly use of force and/or has allowed similar incidents without disciplining the involved officers/deputies.

51.

Defendant Polk County has encouraged or acquiesced to the same or similar conduct alleged in this Complaint by its officers in the past; has tacitly encouraged or acquiesced to the same or similar conduct alleged in this Complaint in the past by failing to train, discipline, or supervise their officers thereby evincing a deliberate indifference towards Plaintiffs' constitutional rights. Defendant Polk County's actions and/or inactions are sufficient to support a verdict that Defendant Polk County's policies, customs, or practices caused the unlawful killing of Mr. Ocegueda, thereby making Defendant Polk

Page 9 – COMPLAINT

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

1  County liable for the acts of the Defendant Smith.

2  52.

3  Defendant Smith acted in the course of his employment for Defendant Polk County.

4  53.

5  Defendant Polk County ratified the conduct of Defendant Smith by failing to discipline

6  and failing to admit error.

7  54.

8  Defendant Smith's shooting of both Mr. Ocegueda and Plaintiff Zavala was carried

9  out pursuant to an official municipal policy, or well-established practice, of shootings by

10  deputies employed by Defendant Polk County.

11  55.

12  As a result of the allegations contained herein, the Defendant Polk County is liable

13  to the Estate of Isaac Ocegueda for violating Mr. Ocegueda's Fourth and Fourteenth

14  Amendment rights, through Defendant Smith subjecting Mr. Ocegueda to excessive,

15  unreasonable, and deadly force and for unlawfully killing Mr. Ocegueda on September 30,

16  2023.

17  **SECOND CLAIM FOR RELIEF**

18  (Against the Defendant Polk County on behalf of Plaintiff, Ivan Ocegueda, as Personal

19  Representative of Estate of Isaac Ocegueda)

20  (Wrongful Death-State law Claim-28 USC 1367)

21  56.

22  Plaintiff, Ivan Ocegueda, as Personal Representative of the Estate of Isaac

23  Ocegueda, realleges and incorporates by reference paragraphs 1 through 55 as though

24  fully set forth herein.

25  ////

26  ////

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

57.

Defendant Polk County was negligent in the following particulars:

A. Defendant Polk County was negligent by failing to properly train Defendant Smith in the appropriate use of deadly force.

B. Defendant Polk County was negligent by failing to instruct Defendant Smith to use "civilian" appropriate responses in shooting situations and failing to discourage "military style covering fire" tactics when unarmed civilians are present at the scene of a shooting.

C. Defendant Polk County was negligent by failing to instruct Defendant Smith that he is only justified in shooting the person who is actually a threat.

D. Defendant Polk County was negligent by failing to properly re-train Defendant Smith after his deployment into a combat zone.

E. Defendant Polk County was negligent by retaining Defendant Smith after their own officers or agents concluded that Defendant Smith responds emotionally to confrontation, rather than implementing cognitive thinking and errs in judgment by not slowing things down once situations have escalated.

F. Defendant Polk County was negligent by allowing other unlawful shooting to go unpunished and/or wrongly justified the shootings for an improper purpose; attempting to avoid liability.

58.

Defendant Polk County's above failures were the direct and proximate cause of the unlawful death of Mr. Ocegueda.

59.

As a result of the actions and inactions of the Defendant Polk County, Defendant Garton and Defendant Smith, Mr. Ocegueda suffered physical pain from being shot, trauma from the gunshot wound, knowledge of his impending death, extreme fear, and death.

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

60.

As the result of Defendant Polk County's Negligence, the Estate of Isaac Ocegueda is entitled to recover:

A. Reasonable economic damages incurred for funeral, cremation, memorial, and transport fees not to exceed $5,000.00.

B. Compensation for conscious pain and suffering, including Mr. Ocegueda's knowledge of his impending death, for the period between his injury and death not to exceed $20,000,000.00.

C. Compensation for pecuniary losses to the Estate of Isaac Ocegueda in an amount not to exceed $5,000,000.00.

D. Punitive damages against the defendants in an amount sufficient to punish them; deter future like conduct; and deter like conduct of others.

**THIRD CLAIM FOR RELIEF**

(Against the Defendant Polk County on behalf of Plaintiff, Ivan Ocegueda, as Personal Representative of Estate of Isaac Ocegueda)

(Negligence-State law Claim-28 USC 1367)

61.

Plaintiff, Ivan Ocegueda, as Personal Representative of the Estate of Isaac Ocegueda, realleges and incorporates by reference paragraphs 1 through 60 as though fully set forth herein.

62.

Defendant Polk County's negligent retention of Defendant Smith is the direct and proximate cause of the unlawful death of Mr. Ocegueda.

////

////

////

Page 12 – COMPLAINT

1

**CLAIMS AGAINST DEFENDANT GARTON ON BEHALF OF THE ESTATE OF ISAAC**

2

**OCEGUEDA**

3

**FOURTH CLAIM FOR RELIEF**

4

(Against the Defendant Garton on behalf of Plaintiff, Ivan Ocegueda, as Personal

5

Representative of Estate of Isaac Ocegueda)

6

(42 USC 1983 Excessive Force)

7

63.

8

Plaintiff, Ivan Ocegueda, as Personal Representative of the Estate of Isaac

9

Ocegueda, realleges and incorporates by reference paragraphs 1 through 62 as though

10

fully set forth herein.

11

64.

12

Defendant Garton created and implemented policies, customs, or practices that

13

caused the unlawful killing of Mr. Ocegueda, thereby making Defendant Garton liable for

14

the acts of Defendant Smith.

15

65.

16

Defendant Garton failed to properly train his deputies in deadly use of force and/or

17

has allowed similar incidents.

18

66.

19

Defendant Garton ratified the conduct of Defendant Smith by failing to discipline

20

Defendant Smith and failing to admit error involving the shooting complained of in this

21

Complaint.

22

67.

23

During Defendant Garton's tenure as Polk County Sheriff, there have been other

24

officer involved shootings where other citizens have been unlawfully killed by Polk County

25

deputies.

26

////

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

68.

Defendant Garton has ratified the conduct of his deputies on more than one occasion with respect to unlawful shootings of citizens by his deputies.

69.

Defendant Smith's shooting of both Mr. Ocegueda and Plaintiff Zavala was carried out pursuant to an official municipal policy or well-established practice of shootings by deputies of Defendant Polk County and Defendant Garton.

**FIFTH CLAIM FOR RELIEF**

(Against the Defendant Garton on behalf of Plaintiff, Ivan Ocegueda, as Personal Representative of the Estate of Isaac Ocegueda)

(Wrongful Death-State law Claim-28 USC 1367)

70.

Plaintiff, Ivan Ocegueda, as Personal Representative of the Estate of Isaac Ocegueda, realleges and incorporates by reference paragraphs 1 through 69 as though fully set forth herein.

71.

Defendant Garton's negligence in failing to adequately train and/or re-train Defendant Smith is the direct and proximate cause of the unlawful death of Mr. Ocegueda.

**SIXTH CLAIM FOR RELIEF**

(Against the Defendant Garton on behalf of the Plaintiff, Ivan Ocegueda, as Personal Representative of Estate of Isaac Ocegueda)

(Negligence-State law Claim- 28 USC 1367)

72.

Plaintiff, Ivan Ocegueda, as Personal Representative of the Estate of Isaac Ocegueda, realleges and incorporates by reference paragraphs 1 through 71 as though fully set forth herein.

Page 14 – COMPLAINT

73.

Defendant Garton was negligent in retaining Defendant Smith after Defendant Smith's supervisors concluded that Defendant Smith responds emotionally to confrontation rather than implementing cognitive thinking and errs in judgment by failing to slow things down once situations have escalated.

74.

Defendant Garton's negligence is the direct and proximate cause of the unlawful death of Mr. Ocegueda.

75.

As a result of the actions and inactions of the Defendant Polk County, Defendant Garton and Defendant Smith, Mr. Ocegueda suffered pain from being shot, trauma from the gunshot wound, knowledge of his impending death, extreme fear, and death.

**CLAIMS AGAINST DEFENDANT SMITH ON BEHALF OF THE ESTATE OF ISAAC OCEGUEDA**

**SEVENTH CLAIM FOR RELIEF**

(Against Defendant Smith on behalf of Plaintiff, Ivan Ocegueda, as Personal Representative of Estate of Isaac Ocegueda)

(42 USC 1983-Excessive Force)

76.

Plaintiff, Ivan Ocegueda, as Personal Representative of the Estate of Isaac Ocegueda, realleges and incorporates by reference paragraphs 1 through 75 as though fully set forth herein.

77.

Defendant Smith is liable to the Estate of Isaac Ocegueda for violating Mr. Ocegueda's Fourth and Fourteenth Amendment rights in subjecting Mr. Ocegueda to excessive, unreasonable, and deadly force and for unlawfully killing Mr. Ocegueda on

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

September 30, 2023, because at the time Defendant Smith shot at the Honda, Mr. Ocegueda posed no risk of imminent serious physical injury or death to anyone.

**EIGHTH CLAIM FOR RELIEF**

(Against Defendant Smith on behalf of the Estate of Isaac Ocegueda)

(Wrongful Death-State law Claim-28 USC 1367)

78.

Plaintiff Ivan Ocegueda, as Personal Representative of the Estate of Isaac Ocegueda, realleges and incorporates by reference paragraphs 1 through 77 as though fully set forth herein.

79.

Defendant Smith's negligence is the direct and proximate cause of the unlawful death of Mr. Ocegueda.

**CLAIMS AGAINST THE DEFENDANT POLK COUNTY ON BEHALF OF YULENI ZAVALA**

**NINTH CLAIM FOR RELIEF**

(Local Government Claim- 42 USC 1983)

(Excessive Force)

80.

Plaintiff Zavala, realleges and incorporates by reference paragraphs 1 through 79 as though fully set forth herein.

81.

Defendant Polk County failed to properly train their officers in deadly use of force and/or has allowed similar incidents.

82.

Defendant Polk County has allowed similar incidents to the shooting alleged in this Complaint to occur.

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

1

2                                83.

Defendant Polk County has encouraged or acquiesced to the conduct of its officers alleged in this Complaint; has tacitly encouraged or acquiesced to the unlawful conduct alleged in this Complaint by failing to train, discipline, or supervise their officers thereby evincing a deliberate indifference towards Plaintiffs' constitutional rights sufficient to support a verdict that Defendant Polk County's policies, customs, or practices caused the unlawful shooting of Plaintiff Zavala in her leg, thereby making Defendant Polk County liable for the acts of the individual defendants. Defendant Smith acted in the course of his employment for Defendant Polk County.

84.

Defendant Polk County ratified the conduct of Defendant Smith by failing to discipline and failing to admit error.

85.

As a result of the allegations contained herein, the Defendant Polk County is liable to Plaintiff Zavala for violating her Fourth and Fourteenth Amendment rights through the act of Defendant Smith in subjecting Plaintiff Zavala to excessive, unreasonable, and deadly force and for shooting Plaintiff Zavala in the leg on September 30, 2023.

86.

Defendant Polk County is liable for all injuries suffered by Plaintiff Zavala that were proximately caused by Defendant Smith's unlawful shooting, including all injuries sustained in the subsequent car crash.

////

////

///

////

Page 17 – COMPLAINT

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

**TENTH CLAIM FOR RELIEF**

(Against the County of Polk on behalf of Plaintiff Zavala)

(Negligence-State law Claim-28 USC 1367)

87.

Plaintiff Zavala, realleges and incorporates by reference paragraphs 1 through 86 as though fully set forth herein.

88.

Defendant Polk County's negligent retention of Defendant Smith is the direct and proximate cause of Plaintiff Zavala's physical and emotional injuries.

## CLAIMS AGAINST THE DEFENDANT GARTON ON BEHALF OF YULENI ZAVALA

**ELEVENTH CLAIM FOR RELIEF**

(Against Defendant Garton on behalf of Plaintiff Zavala)

(42 USC 1983-Excessive Force)

89.

Plaintiff Zavala, realleges and incorporates by reference paragraphs 1 through 88 as though fully set forth herein.

90.

Defendant Garton created the policies, customs, or practices that caused the unlawful shooting of Plaintiff Zavala, thereby making Defendant Garton liable for the acts of Defendant Smith.

91.

Defendant Garton failed to properly train his deputies in deadly use of force and/or has allowed similar incidents.

92.

Defendant Garton ratified the conduct of Defendant Smith by failing to discipline and failing to admit error involving the shooting alleged in this Complaint.

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

93.

Defendant Garton ratified the conduct of his deputies, and has done so, on more than one occasion with respect to unlawful shootings of citizens by his deputies.

**TWELTH CLAIM FOR RELIEF**

(Against Defendant Garton on behalf of Yuleni Zavala)

(Negligence-State law Claim- 28 USC 1367)

94.

Plaintiff Zavala, realleges and incorporates by reference paragraphs 1 through 93 as though fully set forth herein.

95.

Defendant Garton was negligent in retaining Defendant Smith after Defendant Smith's own supervisors concluded that Defendant Smith responds emotionally to confrontation rather than implementing cognitive thinking and errs in judgment by not slowing things down once situations have escalated.

96.

Defendant Garton's negligence is the direct and proximate cause of the unlawful shooting of Plaintiff Zavala.

**CLAIMS AGAINST DEFENDANT SMITH ON BEHALF PLAINTIFF ZAVALA**

**THIRTEENTH CLAIM FOR RELIEF**

(Against Defendant Smith on behalf of Plaintiff Zavala)

(42 USC 1983-Excessive Force)

97.

Plaintiff Zavala, realleges and incorporates by reference paragraphs 1 through 96 as though fully set forth herein.

/////

/////

Page 19 – COMPLAINT

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

98.

Defendant Smith is liable to Plaintiff Zavala for violating her Fourth and Fourteenth Amendment rights in subjecting Plaintiff Zavala to excessive, unreasonable, and deadly force and for shooting Plaintiff Zavala on September 30, 2023, because at the time Defendant Smith shot at the Honda, Plaintiff Zavala posed no risk of imminent serious physical injury or death to anyone.

## FOURTEENTH CLAIM FOR RELIEF

(Against Defendant Smith on behalf of Plaintiff Zavala)

(Negligence-State law Claim-28 USC 1367)

99.

Plaintiff Zavala, realleges and incorporates by reference paragraphs 1 through 98 as though fully set forth herein.

100.

Defendant Smith's negligence is the direct and proximate cause of Plaintiff Zavala's physical injuries, including injuries from the car crash, and for her severe emotional distress.

## FIFTEENTH CLAIM FOR RELIEF

(Against Defendant Smith on behalf of Plaintiff Zavala)

(Intentional Infliction of Emotional Distress-State law Claim-28 USC 1367)

101.

Plaintiff Zavala, realleges and incorporates by reference paragraphs 1 through 100 as though fully set forth herein.

102.

Defendant Smith's negligence is the direct and proximate cause of Plaintiff Zavala's severe emotional distress in the following particulars:

A.  In shooting Plaintiff Zavala;

B.  In killing Mr. Ocegueda in front of Plaintiff Zavala; and

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

1    C.  In causing the eventual crash of the Honda.

2                                       103.

3        After being shot by Defendant Smith, Plaintiff Zavala questioned her own chances

4    for survival and medics on scene were unable to assure her that her wound was not fatal.

5    It wasn't until sometime later that Plaintiff Zavala could be sure she would not die in the

6    same manner as she had just witnessed happening to Mr. Ocegueda.

7                                       104.

8        Plaintiff Zavala's severe emotional distress was certain or substantially certain to

9    result from Defendant Smith firing his gun into a car he knew to be occupied by individual(s)

10   other than Mr. Corral.

11                                      105.

12       As a result of the actions and inactions of the Defendant Polk County, Defendant

13   Garton and Defendant Smith, Plaintiff Zavala suffered humiliation, severe emotional

14   distress, and the loss of enjoyment of life.

15                                      106.

16       As a result of the actions and inactions of the defendants, Plaintiff Zavala suffered

17   economic damages in the form of medical care, after care, medical equipment, and

18   psychological treatment. Plaintiff Zavala is entitled to:

19   A. Reasonable economic damages incurred for medical care, after care, medical

20       equipment, and psychological treatment.

21   B. Compensatory damages in an amount no greater than $3,500,000.

22   C. Punitive damages against the defendants in an amount sufficient to punish them;

23       deter future like conduct; and deter like conduct of others.

24                              PUNITIVE DAMAGES

25                                      107.

26       Plaintiffs both request punitive damages against Defendant Polk County, Defendant

Page 21 – COMPLAINT

JARVIS BRIDGE HALTTUNEN & WEYER
ATTORNEYS AT LAW
484 NE BOVARD AVE • PO BOX 5 • DALLAS, OR 97338
TELEPHONE (503) 623-6676 • FAX (503) 714-8727

1  Garton and Defendant Smith in an amount sufficient to punish them; deter future like
2  conduct; and/or deter like conduct of others.

3  <center>ATTORNEY FEES AND COSTS</center>

4  <center>108.</center>

5  Plaintiffs were required to hire attorney(s) to represent them in this matter and are
6  entitled to an award of reasonable fees and costs pursuant to 42 USC 1988.

7  <center>JURY DEMAND</center>

8  <center>109.</center>

9  Plaintiffs are entitled to a jury trial.

10  <center>110.</center>

11  Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury of all
12  issues, so triable that are raised herein, or which hereinafter may be raised in this action.

13  <center>PRAYER FOR RELIEF</center>

14  <center>111.</center>

15  WHEREFORE, Plaintiffs pray that the court enter judgment in their favor and
16  against Defendants as follows:

17  **Plaintiff, Ivan Ocegueda, as Personal Representative of the Estate of Isaac**
18  **Ocegueda:**

19  A. Finding that all defendants are jointly and severally liable for all causes of action
20  detailed herein, awarding compensatory damages as detailed below.

21  B. Reasonable economic damages incurred for funeral, cremation, memorial, and
22  transport fees not to exceed $5000.

23  C. Compensation for conscious pain and suffering, including Mr. Ocegueda's
24  knowledge of his impending death, for the period between his injury and death not
25  to exceed $20,000,000.

26  D. Compensation for pecuniary losses to the Estate of Isaac Ocegueda in an amount

Page 22 – COMPLAINT

1  not to exceed $5,000,000.

2  E. Punitive damages against the individual defendants in an amount sufficient to punish

3  them; deter future like conduct; and deter like conduct of others.

4  F. Awarding the Estate of Isaac Ocegueda litigation expenses, including reasonable

5  attorney fees, costs, and disbursements; and

6  G. Granting such other relief as the case may require or as may be deemed just and

7  equitable.

8  **Plaintiff, Yuleni Zavala:**

9  A. Finding that all defendants are jointly and severally liable for all causes of action

10  detailed herein, awarding compensatory damages as described below:

11  B. Compensatory damages in an amount no greater than $3,500,000.

12  C. Awarding economic damages in an amount to be determined.

13  D. Awarding Yuleni Zavala punitive damages against the individual defendants in an

14  amount sufficient to punish them; deter future like conduct; and deter like conduct of

15  others.

16  E. Awarding Yuleni Zavala litigation expenses, including reasonable attorney fees,

17  costs, and disbursements; and

18  F. Granting such other relief as the case may require or as may be deemed just and

19  equitable.

20  DATED Thursday, January 18, 2024.

21  JARVIS BRIDGE HALTTUNEN & WEYER
   Of Attorneys for Plaintiff

22

23  Neil Halttunen, OSB No. 206806
   halt@jbhwlaw.com
24  Trial Attorney

25

26  Andrew Bridge, OSB No. 194937
   bridge@jbhwlaw.com
   Trial Attorney

Page 23 – COMPLAINT