**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**IVAN OCEGUEDA**, as the personal representative of the **Estate of Isaac Ocegueda**; and **YULENI ZAVALA**, an individual,

Plaintiffs,

v.

**COUNTY OF POLK,** a municipality, **SHERIFF MARK GARTON,** an individual and in his official capacity, and **DEPUTY MICHAEL SMITH,** an individual and in his official capacity,

Defendants.

Case No. 3:24-cv-00125-JR

**OPINION AND ORDER REGARDING F&R ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**IMMERGUT, District Judge.**

On February 23, 2026, Magistrate Judge Russo issued her Findings and Recommendation ("F&R"), ECF 43, regarding Defendants' Motion for Summary Judgment, ECF 35. Plaintiffs filed objections to the F&R, ECF 45. Defendants filed a timely response, ECF 55.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A District Judge may also remand the case to the Magistrate Judge for further analysis. *United States v. Trejo*, 135 F. Supp. 3d 1023, 1033 (D.S.D. 2015). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

This Court has reviewed de novo the portions of Judge Russo's F&R to which Plaintiffs and Defendants objected.[1] For the reasons set forth below, this Court adopts with clarification the F&R as applied to Ocegueda's claims and remands the case to Judge Russo to distinctly analyze Zavala's claims.

## BACKGROUND

This Opinion and Order adopts the background as described in the F&R, ECF 43.

## DISCUSSION

### A. The *Heck* Bar and Third-Party Section 1983 Claims

Section 1983 provides a cause of action for "claims of unconstitutional treatment at the hands of state officials[.]" *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). The *Heck* bar is a

[1] Defendants' objections appear to be untimely as they were raised for the first time in Defendants' Response to Plaintiffs' Objections. *See* ECF 55. Nevertheless, this Court considers those objections and rejects them on the merits.

limitation on that cause of action. *Heck* held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. The *Heck* bar only applies if "a judgment in favor of the plaintiff would necessarily imply the invalidity of" a conviction or sentence. *Id.* at 487.

The *Heck* bar differs from the doctrine of collateral estoppel. The *Heck* bar is a creature of federal law as its application precludes "the existence of a cause of action" under Section 1983. *Id.* at 489. By contrast, in the Section 1983 context, the collateral estoppel effect of a state court judgment is a question of state law. *See Valley Wood Preserving, Inc. v. Paul,* 785 F.2d 751, 753 (9th Cir. 1986).

The Ninth Circuit has twice opined on whether a criminal conviction can bar the Section 1983 claim of an individual distinct from the individual who was convicted, that is third-party Section 1983 claims. First, in *Cunningham v. Gates*, 312 F.3d 1148 (9th Cir. 2002), "two robbers, Robert Cunningham and Daniel Soly, exchanged gunfire with the police." *Id.* at 1151. As a result, "Soly died and Cunningham was seriously injured." *Id.* "Cunningham was later tried and convicted of, among other things, murdering Soly by provoking the police to shoot." *Id.* Afterwards, Soly's parents filed various Section 1983 claims for excessive use of force. *Id.* at 1151–52. The officers contended that the Solys' Section 1983 claims were precluded by both the *Heck* bar and the California common law of privity. *Id.* at 1153, 1155. Specifically for the privity argument, the officers argued that despite Soly never being charged with "any crime," "the Solys

[were] precluded by the California common law of privity from relitigating issues that were already decided in Cunningham's trial." *Id.* at 1155.

The Ninth Circuit sided with the Solys. After reviewing the elements of the California common law of privity, the Court concluded that Cunningham, the convicted defendant, was not in privity with Soly. The Ninth Circuit placed particular weight on the fact that Cunningham was convicted of felony murder for Soly's death. *Id.* at 1156. "Common law privity," the Court held, "exceeds the bounds of common sense when a murder conviction prevents not only the murderer, but his victim, from seeking relief." *Id.*

Next, the *Cunningham* court was quite circumspect about why it rejected the *Heck* bar's application to the Solys' claims. After extensively considering the California law of privity, the Court stated that "[b]ecause the Solys' § 1983 claims are not barred under *Heck* or common law privity, we reverse with regard to their claims and remand to the district court for further proceedings." *Id.* The Court did not identify which specific parts of its reasoning precluded the *Heck* bar. Was it that the *Heck* bar did not apply at all to people not convicted of or charged with a crime? Or was it that satisfying state privity requirements somehow was a prerequisite to the application of the *Heck* bar against a person not convicted of a crime?

After *Cunningham*, the Ninth Circuit provided further guidance in *Beets v. Cnty. of Los Angeles,* 669 F.3d 1038 (9th Cir. 2012). There, "Glenn Patrick Rose ["GPR"] and his companion, Ms. Morales, fled from" the police. *Id.* at 1040. Later in that confrontation, GPR reversed the direction of his car "and backed rapidly in the direction of Deputy Winter." *Id.* "Deputy Winter, fearing for his life, fired at GPR and killed him." *Id.* Morales was arrested and convicted of, among other crimes, aiding and abetting GPR's assault on Deputy Winter. *Id.*

When GPR's family brought Section 1983 claims, the defendants argued that the action was barred by *Heck*. *Id.* at 1041.

The Ninth Circuit agreed. The *Heck* bar can apply to plaintiffs "who were not tried or convicted." *Id.* at 1045–46. The Court set forth two initial requirements that must be met in the excessive force context. First, the allegation of excessive force must not be "distinct temporally or spatially from the factual basis for the person's conviction." *Id.* at 1042. Second, success in the Section 1983 suit must "demonstrate the invalidity of any outstanding criminal judgment." *Id.* at 1043 (cleaned up). As to the first requirement, the *Beets* court concluded that Deputy Winter's action was not distinct "from GPR's criminal activity." *Id.* As to the second requirement, the Court placed particular emphasis on the fact that the jury that "convicted Morales determined that Deputy Winter acted within the scope of his employment and did not use excessive force." *Id.* at 1045.

Then, the Ninth Circuit, relying on the Due Process Clause of the Fourteenth Amendment, determined that "before [a third party] … [could] be collaterally estopped from arguing that Deputy Winter used excessive force," the court needed to give them "a 'full and fair opportunity' to litigate the issue." *Id.* at 1047 (quoting *Marquez v. Gutierrez*, 51 F.Supp.2d 1020, 1026 (E.D.Cal.1999)). The *Beets* court then, without explanation, applied California's collateral estoppel test to give content to that federal constitutional due process standard. *Id*. Under that test, the Court sided with the Defendants, placing great weight on the fact that Morales had been convicted of aiding and abetting the Plaintiff. *Id.* at 1047–48.

Despite the perplexing nature of the Ninth Circuit's choice to borrow state law, that choice binds this Court. That choice was necessary to *Beets*'s holding that the *Heck* bar applied.

Specifically, after applying state privity law, the *Beets* court determined that the application of the *Heck* bar also satisfied the requirements of state privity law. *Beets*, 669 F.3d at 1047–48.[2]

Thus, after *Cunningham* and *Beets*, the *Heck* bar can apply to a third-party Section 1983 excessive force suit. But, three requirements must be met: 1) a judgment in favor of the Plaintiff must necessarily imply the invalidity of the outstanding criminal judgment; 2) the events giving rise to the Section 1983 suit must not be "distinct temporally or spatially from the factual basis for the person's conviction," *Beets,* 669 F.3d at 1042; and 3) the application of the *Heck* bar must satisfy the relevant privity law. For a state conviction, *Cunningham* and *Beets* suggest that the relevant privity law is generally state law.[3]

**B. Application to Ocegueda's Claims**

With the relevant legal framework in mind, this Court adopts with clarification the F&R's recommendation as applied to Ocegueda's Section 1983 claims.

First, a judgment in favor of Ocegueda's estate would necessarily imply the invalidity of Corral-Zavala's conviction. In making this determination, this Court looks to the "factual basis" for Corral-Zavala's conviction. *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1008 (9th Cir. 2022). Judge Campbell found that Corral-Zavala was "the cause," Exhibit 3 to Campbell Declaration, ECF 36-3 at 7, not "a" cause or "one of many" causes, of Ocegueda's death. A Section 1983 judgment in favor of Ocegueda's estate would necessarily conflict with this determination as it

[2] In their underlying briefing, Defendants insist that their motion for summary judgment is based on the *Heck* bar alone, not state privity law. Defendants' Reply ISO Motion for Summary Judgment, ECF 42 at 4. But, they cannot foreclose the relevance of state privity law because as explained above, the satisfaction of state privity law is a prerequisite to the application of the *Heck* bar to the lawsuit of a person not convicted of or charged with a crime.

[3] This Court need not, and does not, assess what source of law to rely on when determining the collateral estoppel effect of a federal court conviction when determining whether to apply the *Heck* bar to third-party section 1983 claims.

would establish that Deputy Smith was a cause of Ocegueda's death. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (describing the causation requirements of a Section 1983 action). *Heck* does not condone this conflict.

Second, the events giving rise to the Section 1983 suit are not "distinct temporally or spatially" from the factual basis for the conviction. *Beets,* 669 F.3d at 1042. As the F&R noted, the events giving rise to both are "one and the same." F&R, ECF 43 at 10. "Corral-Zavala's actions of evading arrest, hiding in the bushes, and running across the highway while shooting at Smith are inextricably, temporally, and spatially connected to Smith returning fire while Corral-Zavala fled and hid behind plaintiffs' minivan." *Id.* at 11. So, the second element is easily satisfied.

Finally, this Court turns to the requirements of Oregon issue preclusion law. In Oregon, "issue preclusion applies when five elements are satisfied: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceedings; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceedings; and (5) the prior proceedings [were] the type of proceedings to which [courts] give preclusive effect." *Trees v. Serv. Emps. Int'l Union Loc. 503*, 763 F. Supp. 3d 1250, 1262 (D. Or. 2025) (citing *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104 (1993)). "The party asserting issue preclusion bears the burden of proof on the first, second, and fourth requirements, whereupon the burden shifts to the party against whom preclusion is asserted to show that the third and fifth requirements are not met." *Thomas v. U.S. Bank Nat'l Ass'n*, 244 Or. App. 457, 469 (2011). Even when those requirements are met, "the court must

also consider the fairness under all the circumstances of precluding a party." *Minihan v. Stiglich*, 258 Or. App. 839, 855 (2013).

Here, the requirements of Oregon issue preclusion law are met. First, the issue was identical. Oregon courts have adopted "a strict standard for the 'identity of issues' requirement and require that 'the precise question was raised and determined in the former suit.'" *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1007 (9th Cir. 2007) (quoting *State v. Hunt*, 161 Or. App. 338, 985 P.2d 832 (1999)). Here, as explained above, both Corral-Zavala's criminal conviction and Ocegueda's lawsuit address the same issue: was Corral-Zavala "the cause" of Ocegueda's death? Accordingly, the issues before Judge Campbell in Corral-Zavala's bench trial and before this Court are identical.

Second, the "actually litigated and essential to a final decision" requirement necessitates that "a prior court's resolution of an issue must either be apparent from the face of a judgment or order or, if not apparent from the face of a judgment or order, must have been necessary to the resolution of the prior adjudication." *Leach v. Scottsdale Indem. Co.*, 261 Or. App. 234, 240 (2014) (citing *Westwood Constr. Co. v. Hallmark Inns*, 182 Or. App. 624, 635-36 (2002)). Here, as explained above, it was "apparent" from Judge Campbell's verdict that he found that Corral-Zavala was "the cause" of Ocegueda's death. *Id.*

Third, courts have found that the "full and fair opportunity to be heard" requirement rises and falls with the other issue preclusion factors if the party to the prior proceeding had the necessary "full and fair opportunity." Corral-Zavala "had every incentive to vigorously litigate" the issue of whether he caused Ocegueda's death in his bench trial. *U.S. Bank Nat'l Ass'n* , 244 Or. App. at 473–74 (finding class members in privity with class representatives); *see also State*

*Farm Fire & Cas. Co. v. Reuter*, 299 Or. 155, 158–59 (1985). So, if Corral-Zavala is in privity with Ocegueda, then this requirement is also met.

Fourth, Ocegueda was in privity with Corral-Zavala. The Oregon Supreme Court has explained that a person is in privity to "those whose interests are represented by a party to the action[.]" *Reuter*, 299 Or. at 161. A "a third party will be precluded from litigating an issue in a subsequent proceeding 'only when it is realistic to say that the third party was fully protected in the first trial.'" *U.S. Bank Nat'l Ass'n,* 244 Or. App. at 473 (cleaned up).

In making this determination, this Court finds persuasive the Ninth Circuit's guidance in *Beets*. While *Beets* applied California privity law, *Beets*' list of guideposts for when to hold one person in a criminal enterprise in privity with another is still persuasive here given the similarity between Oregon and California privity law. First, it matters whether one member of a criminal enterprise aided and abetted another. *Beets*, 669 F.3d at 1048. Second, whether "a single action" was "critical" to both the Section 1983 lawsuit and the criminal conviction matters. *Id.* Third, courts must consider whether the two persons' interests "conflict." *Id.* Above all, the rule of issue preclusion must be applied not "'with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality.'" *Id.* at 1047 (quoting *Ashe v. Swenson*, 397 U.S. 436, 444 (1970)).

Here, that approach favors Defendants' position. First, while there is not an aiding and abetting conviction, there does not need to be. As described in the F&R, ECF 43, Ocegueda at least aided in Corral-Zavala's escape from the police. Ocegueda knew that Corral-Zavala was fleeing law enforcement—"the feds" — and yet nevertheless, he aided Corral-Zavala's attempted escape. F&R, ECF 43 at 2. Second, a single action, Deputy Smith shooting Ocegueda, is "critical" to both the Section 1983 lawsuit and the criminal conviction. *Beets*, 669 F.3d at 1048.

Third, Corral-Zavala's and Ocegueda's interests do not conflict. Indeed, both would benefit from a finding that Deputy Smith, not Corral-Zavala, was the cause of Ocegueda's death. Viewing the issue "with realism and rationality," *id*. at 1047 (quoting *Ashe*, 397 U.S. at 444), this Court concludes that Corral-Zavala and Ocegueda were in privity with one another.

Fifth, the prior proceedings are the type given "preclusive effect." *Trees*, 763 F. Supp. 3d at 1262. Verdicts in criminal court are customarily given preclusive effect, so this requirement is met. *Berg on behalf of Est. of Higbee v. Benton*, 297 Or. App. 323, 325 (2019).

Finally, issue preclusion is "fair[] . . . under all the circumstances." *Minihan,* 258 Or. App. at 855. The record is clear that Ocegueda at least aided Corral-Zavala's escape after the fact. Given the abundance of reasons outlined above that their interests are aligned, the application of issue preclusion is consistent with principles of fairness.

In sum, the requirements for the application of the *Heck* bar to a third-party Section 1983 claim are met. A Section 1983 judgment in favor of Ocegueda would invalidate Judge Campbell's decision that Corral-Zavala was "the cause" of Ocegueda's death. The factual basis for the conviction and for a successful 1983 judgment would be identical. For similar reasons, Corral-Zavala and Ocegueda were in privity. This Court adopts the Findings and Recommendation, ECF 43, with the clarification provided above.

**C. Application to Yuleni Zavala's Claims**

The F&R appears to have failed to conduct a distinct analysis of the application of the *Heck* bar to Yuleni Zavala's claims. Zavala is a distinct Plaintiff from Ocegueda and the application of the *Heck* bar to her claims may differ. Complaint, ECF 1 at ¶¶ 80–106. For example, it appears undisputed that at the time of the incident, Ocegueda told Zavala that he was merely helping a friend who had a flat tire. F&R, ECF 43 at 2. That could make a difference as both *Cunningham* and *Beets* discussed the relationship of the Plaintiff to the convicted person;

was the Plaintiff a criminal collaborator of the convicted person or a victim of them? *See Cunningham*, 312 F.3d at 1156; *Beets,* 669 F.3d at 1048. So, even if the *Heck* bar precludes Ocegueda's claims, it may or may not preclude Zavala's claims at summary judgment. Accordingly, it is appropriate for the Magistrate Judge to distinctly analyze the application of the *Heck* bar to Zavala's claims.[4]

**CONCLUSION**

For the reasons set forth above, this Court adopts the F&R, ECF 43, as applied to Ocegueda's claims. In addition, this Court remands Zavala's claims to Magistrate Judge Russo for further proceedings consistent with this opinion.[5]

**IT IS SO ORDERED.**

DATED this 4th day of September, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[4] The F&R states that Yuleni Zavala brought her claims solely "as the personal representative of the Estate of Isaac Ocegueda[.]" F&R, ECF 43 at 1. But that conclusion is not supported by the Complaint, which differentiates Zavala's claims from those of Ocegueda. Complaint, ECF 1 ¶¶ 80–106. And, this Court is unable to find anywhere in the record any concession by Zavala that her claims cannot survive independent of Ocegueda's.

[5] Judge Russo's resolutions of Plaintiffs' *Monell*, supervisory liability, and the state-law claims were based on her resolutions of the *Heck* bar issue. F&R, ECF 43 at 11, n.4. Judge Russo may on remand consider how her further analysis of the issues related to the *Heck* bar implicates Zavala's *Monell*, supervisory liability, and state-law claims.